UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DEAN COCHRUN, | ) | CIV. 12-5023-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBIN CHIPOWSKY and | ) | |
| ANDREW CHIPOWSKY, | ) | |
| | ) | |
| Defendants. | ) | |

On April 16, 2012, plaintiff Dean Cochrun filed a civil complaint against defendants along with motions for leave to proceed *in forma pauperis*, for appointment of counsel, for appointment of a private investigator and for a writ *ad testificandum.* (Dockets 1, 3, 5, 6 & 7). At that time, Mr. Cochrun was an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. (Docket 1).

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a 20 percent payment of the greater of:

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Mr. Cochrun provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 4). The report shows an average

monthly deposit for the past six months of $31.02, an average monthly balance for the past six months of negative $12.02, and a current balance of negative $33.90. Id. Mr. Cochrun represented he has no other assets of any kind. (Docket 3). In light of this information, the court finds Mr. Cochrun is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Cochrun's complaint asserts apparent civil rights claims against defendants under 42 U.S.C. § 1983 *et seq.* (Docket 1). The unlawful conduct by these private-actor defendants is alleged to arise out of a 2003 Meade County, South Dakota, child in need of supervision file, #03-30, and a 2008 Lawrence County, South Dakota, juvenile case, #08-97. Id. at p. 1.

"Federal courts are courts of limited jurisdiction . . . ." Mamot Feed Lot and Trucking v. Hobson, 539 F.3d 898, 902 (8th Cir. 2008). "[A] district court's federal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States." Id. (citing 28 U.S.C. § 1331). "[S]ubject matter jurisdiction is a threshold question [which] must [be] address[ed] at the outset." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 455 (8th Cir. 2010). "The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

"Section 1983 provides a civil cause of action against any person who, under color of state law, causes a deprivation of the rights, privileges, or immunities secured by the Constitution and laws of the United States." Wagner v. Jones, 664 F.3d 259, 268 (8th Cir. 2011). A § 1983 claim requires a showing that a person allegedly causing a constitutional deprivation was acting under color of state law. Id. "Only state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001).

Mr. Cochrun's sole "federal" claim against these defendants is that they participated in the two South Dakota child welfare cases. There is no allegation they conspired with South Dakota Department of Social Services'

officials or employees to violate Mr. Cochrun's constitutional rights under § 1983.  Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010).  The complaint fails to identify a federal claim.  Id.

Whether plaintiff's complaint alleges a state law claim against these defendants need not be resolved at this juncture.  The court chooses to exercise its discretion to dismiss any state law claim when all federal claims are dismissed.  28 U.S.C. § 1367(c).  See Gibson v. Weber, 431 F.3d 339, 342 (8th Cir. 2005) (Congress unambiguously granted district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state-law claims when all federal claims have been dismissed).

The court finds Mr. Cochrun's complaint fails to allege a federal claim upon which relief may be granted.  Because the court declines to exercise supplemental jurisdiction over any potential state claim, the court has not determined whether the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."  28 U.S.C. § 1915(g).  Accordingly, it is hereby

ORDERED that Mr. Cochrun's motion to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that the institution having custody of Mr. Cochrun is hereby directed that whenever the amount in Mr. Cochrun's trust account exceeds $10, monthly payments equal to 20 percent of the

funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's Office, pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

 IT IS FURTHER ORDERED that Mr. Cochrun's complaint (Docket 1) is dismissed without prejudice.

 IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Docket 5) is denied as moot.

 IT IS FURTHER ORDERED that plaintiff's motion for appointment of a private investigator (Docket 6) is denied as moot.

 IT IS FURTHER ORDERED that plaintiff's motion for a writ *ad testificandum* (Docket 7) is denied as moot.

 Dated May 24, 2012.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE